KING, P.J.,
for the Court:
¶ 1. Phillip Knickel (Knickel) was convicted of robbery by the Circuit Court of Montgomery County and sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections. *1248 Aggrieved by his conviction and sentence, Knickel has appealed to this Court and raises the following issues which are taken verbatim from his brief: 1) the trial court abused its discretion in allowing hearsay evidence of a co-defendant to be admitted at the trial of this cause over the objection of the defendant; 2.) the trial court erred in admitting hearsay evidence of a letter reportedly written by defendant Knickel concerning threats and a scheme or plan to avoid conviction of the charge.
FACTS
¶ 2. On September 18, 1998, the Grand Jury of Montgomery County indicted Phillip Knickel, Timothy Waddell (Waddell) and Carlos Townsend (Townsend) on a charge of armed robbery. Prior to trial, Knickel moved for a severance from his co-defendants. The court granted Knickel’s motion for severance and set his trial for October 14,1998.
¶ 3. At trial, the State’s witnesses included T.C. Jones, the victim, and Waddell, a co-defendant. Jones testified that about midnight on July 15, 1998, someone knocked at his back door. Expecting the arrival of a friend, Jones invited the person in without ascertaining his identity. The person who entered his home was not the expected friend. Jones testified that it was a young white male who was later identified as Knickel. Knickel requested and received Jones’s permission to use the telephone. While Knickel used the phone, Jones waited near the back door. After completion of his call, Knickel walked to the door and opened it for Townsend. Knickel asked if Townsend might also use the phone.
¶ 4. At this point, Jones realized something was wrong. Before Jones could react, Knickel grabbed him around the neck. Knickel instructed Townsend to go to the back and get the money from Jones’s bedroom. As Townsend searched for the money, Knickel beat Jones about the face.
¶ 5. Upon his return, Townsend addressed Knickel by his first name of Phillip. Townsend hit Jones in the eye and both Knickel and Townsend threaten to kill him if he did not reveal the location of his money. This point was emphasized when a sharp object was pressed against his throat. Jones told them where to find the money. Townsend then retrieved $300 in cash and a $600 check.
¶ 6. Knickel and Townsend used a shirt and a towel to loosely tie Jones up. After Knickel and Townsend left, Jones untied himself, got his shotgun, ran to the door, and fired in the direction which they had gone. He then called his niece who in turn notified the Montgomery County Sheriffs Department.
¶ 7. According to Waddell, on the evening of July 15, 1998, Townsend, Knickel and he were at the home of Knickel’s fiancee. Knickel asked for a ride to Jones’s home to pick up a truck that he had bought. While en route to Jones’s home, Knickel asked Waddell for his pocket knife. Waddell testified that Knickel, upon receiving the knife, said that he was going to use it to get the truck and steal Jones’s money.
¶ 8. At the conclusion of the State’s case, Knickel moved for a directed verdict which was denied. In his defense, Knickel claimed to have been at his fiancee’s home all evening on July 15,1998. Knickel testified that Townsend and Waddell came by, left, and returned a short while later. Knickel denied robbing Jones.
¶ 9. On cross-examination, Knickel denied writing a threatening letter to Wad-dell. He denied that the letter shown to him was in his handwriting. Knickel denied any knowledge of the letter. After Knickel’s testimony, the defense rested. The jury found him guilty of robbery, and the court sentenced him to fifteen years in the custody of the Mississippi Department *1249 of Corrections. After Knickel’s post trial motions were denied, this appeal followed.
I.
The trial court abused its discretion in allowing hearsay evidence of a co-defendant to be admitted at the trial of this cause over the objection of the defendant.
¶ 10. Knickel argues that the statement made by Townsend at the time of the robbery identifying Knickel should not have been allowed. Knickel argues that under M.R.E. 801(d)(2)(E) Jones’s testimony concerning the statement should not have been allowed because the State failed to prove that a conspiracy existed prior to his testimony.
¶ 11. A conspiracy is the agreement of two or more individuals to complete an unlawful act. Miss.Code Ann. § 97-1-1 (Rev.1994). The agreement evincing a conspiracy “need not be formal or express but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators.” Flanagan v. State, 605 So.2d 753, 757 (Miss.1992). There must exist some evidence that a defendant associated himself with the venture. Rose v. State, 556 So.2d 728, 733 (Miss.1990).
¶ 12. In the present case, Jones testified that Knickel and Townsend acted in concert. Knickel entered Jones’s home under the pretense of using the telephone. Townsend, with Knickel’s help, also entered Jones’s home under the same pretense. Once both Knickel and Townsend were in his home, Jones was beaten and threatened by both. Knickel restrained Jones while Townsend searched for money. All of this occurred prior to the statement allegedly made by Townsend. Enough evidence existed for the trial court to determine a conspiracy existed and properly admit this evidence.
II.
The trial court erred in admitting hearsay evidence of a letter reportedly written by defendant Knickel concerning threats and a scheme or plan to avoid conviction of the charge.
¶ 13. Knickel argues the trial court committed error by allowing the State to cross-examine Knickel regarding a letter written to Waddell. Knickel asserts that because the State had no proof that the letter was written by him it was hearsay.
¶ 14. The State, at the conclusion of its case and after Knickel’s motion for a directed verdict was overruled, requested the letter be marked for identification. The defense offered no objection to the letter being marked for identification. Knickel then testified on his own behalf. He was asked whether he robbed Jones, which Knickel denied. On cross-examination, the State used the letter as a prior statement made by Knickel to impeach his testimony.
¶ 15. Under M.R.E. 613, a prior inconsistent statement may be used for impeachment purposes. However, it was incumbent upon the State to establish that this was a statement made by Knickel. The defense did not object to the use of the letter until some eleven questions had been asked about the letter and its contents. “An objection to the testimony of a witness, conduct of opposing counsel or a remark of the court should be made contemporaneously with the occurrence or matter complained of so that the court may, when possible, correct the error with proper instructions to the jury.” Baker v. State, 327 So.2d 288, 292 (Miss.1976). At the latest, given Knickel’s denial of knowledge of the letter, an objection should have been raised at the point the questions involved substantive matters. Failure to raise a timely objection will bar the issue on appeal. Smith v. State, 724 So.2d 280 (¶ 168) (Miss.1998).
*1250 ¶ 16. However, if the objection was properly presented before Knickel’s cross-examination entered substantive matters, then the court must consider whether harmless error applies. The harmless error analysis requires the court to consider “whether the evidence is so overwhelming that no reasonable juror could have harbored a reasonable doubt such that that juror would have been unaffected by the error under consideration.” Fox v. State, 756 So.2d 753 (1135)(Miss.2000) Enough evidence existed prior to Knickel’s cross-examination that a reasonable juror could have found Knickel guilty of armed robbery. Testimony and identification connecting Knickel to the crime was offered by the victim, Jones. Waddell, a co-defendant, testified to the actions and conduct of the defendants the night of the robbery. These facts are sufficient to support the jury’s verdict. The cross-examination of Knickel concerning the letter did not unduly or improperly prejudice the jury to require a reversal.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.
COSTS ARE ASSESSED AGAINST MONTGOMERY COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ„ CONCUR.